SOMMERVILLE, J.
The state appeals from a judgment quashing an indictment found against defendant under the following statute: Act No. 202 of 1912:
“An act to define and punish indecent assaults.
“Be it enacted by the General Assembly of the state of Louisiana, that whoever, with or without his or her consent, shall indecently assault or take any indecent liberties with any child, whether male or female, under the age of sixteen years; or who, without his or her consent, shall indecently assault or take indecent liberties with any person, over the age of sixteen years, shall be deemed guilty of an indecent assault and upon- conviction, be fined not over one thousand dollars and be imprisoned, with or without hard labor not exceeding ten years, or both: Provided, that nothing in this act shall be taken to affect or repeal the laws now in existence against rape, assault with intent to commit rape, carnal knowledge, sodomy, crime against nature, abduction or incest: Provided, further, that nothing in this act shall be taken to affect the punishment or mode of procedure in any case heretofore committed and now pending in any court.”
[1] The title of the act reads: “An act to define and punish indecent assaults.” The act nowhere defines the crime sought to be punished. The act does not say what shall constitute an indecent assault, and the court is without authority to determine this matter. The defining of crimes, and the imposition of penalties for their commission, devolve upon the' Legislature alone.
[2] An indecent assault is a statutory offense and was not known to the common law of England at the time the act of the Legislature of the state of Louisiana of 1805 was enacted, wherein it was provided (section 33, Act No. 50 of that year) “that all the crimes, offenses and misdemeanors hereinbefore named, shall be taken, intended and construed, according to, and in conformity with, the common law of England.”
[3] As all crimes in Louisiana are statutory, there can be no crime which is not defined and denounced by statute. And, as Act No. 202 of 1912 does not define the crime of indecent assault, there is no such crime provided for by statute of this state. It therefore follows that the action of the trial court in quashing an indictment found under that act decided correctly, and the judgment appealed from will be affirmed. State v. Smith, 30 La. Ann. 846; State v. Gaster, 45 La. Ann. 636, 12 South. 739.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.