O’NIELL, J.
The defendants, relators in this proceeding, were prosecuted in the city court of Shreveport, on an affidavit charging that they had occupied a room in the city “for the purpose of prostitution and assignation and for other lewd and indecent acts,” in violation of Municipal Ordinance No. 18333. Having been convicted and sentenced to pay a fine or be imprisoned, they appealed to the First Judicial District Court, parish of Caddo, where the ease was tried de novo, and the conviction and sentence were affirmed. The case is before us on a writ of certiorari.
Before pleading to the charge, defendants filed a demurrer, contending that the municipal ordinance was unconstitutional, null and void, in so far as it purported to denounce as an offense the occupying or using of a house or room “for other lewd or indecent acts,” other than prostitution or assignation; because the ordinance does not define any other act of indecency or lewdness.
The demurrer was overruled, and, a bill of exception having been taken to the ruling, the case was submitted on the following statement of facts, viz.: That defendants lived together, for a year or longer, as man and wife, but were not married; that they rented the house and occupied it alone; that the woman, E. Gardner, lived only with the man, Harry Wilson; that they thus lived together openly in a residence part of the city, at the number and on the street mentioned in the charge; and that it was generally known that they were not married.
The only question thus presented is whether the municipal ordinance has application to the facts stated.
Our opinion is that the ordinance is not applicable. Its preamble shows plainly that it was intended, as a war measure, merely to protect the health and morals of the soldiers in and about the city, by abolishing houses of prostitution and assignation. The ordinance is as follows:
“An Ordinance.
“Suppressing and closing all houses of prostitution or assignation, making it unlawful to keep, conduct, operate or maintain any house of prostitution or assignation within the corporate limits of the city of Shreveport; prohibiting the use of any hotel, house, apartment, room or place for the purpose of prostitution or assignation or other lewd or indecent act; providing a penalty for the violation of this ordinance and repealing all ordinances in conflict herewith.
“Whereas the United States is engaged in war and an army is being raised in this city and parish; and,
“Whereas, it is necessary that the health and morals of the soldiers drawn from this city and vicinity be safeguarded and protected; and,
“Whereas, houses of prostitution and assignation are a menace to the welfare and injurious to the health and morals of the soldiers (or army), and the public generally, and the public safety and tranquility require that they be closed and suppressed; and,
“Whereas, all houses used for purposes of prostitution or assignation are public nuisances and should be abated;
“Now, therefore, by virtue of the authority vested in this body by law and ,in the exercise of the police power of this municipality:
“Section 1. Be it enacted by the city council of the city, of Shreveport, in legal session assembled, that all houses, rooms, apartments, or other places of any kind .or character whatever within the corporate limits of the city of Shreveport, used for the purpose of prostitution or assignation of other lewd or indecent act, whether situated in a district heretofore established, or elsewhere, be and the same are here *909 by ordered closed and suppressed for such purposes, and the use of any such house, apartment, room or place for the purpose of prostitution or assignation or other lewd or indecent act, is prohibited.
“Sec. 2. Be it further ordained, etc., that it shall be unlawful for any person, association of persons, firm or corporation to keep, run, conduct or maintain any house, room, apartment or other place used for the purpose of prostitution or as a place of assignation or other lewd or indecent act, within the corporate limits of the city of Shreveport.
“Sec. 3. Be it further ordained, etc., that it shall be unlawful for any person, association of persons, firm or corporation' to rent or lease any house, apartment, room or other place knowing that the same will be used for the purpose of prostitution or assignation, or lewd or other indecent act, or to otherwise knowingly authorize or permit the occupancy of any house, apartment or place for such unlawful purpose.
“See. 4. Be it further ordained, etc., that it shall be unlawful for any person to use or occupy any hotel, house, room or other building or place for the purpose of prostitution, assignation or other lewd or indecent act, in the city of Shreveport.
“Sec. 5. Be it further ordained, etc., that any person found guilty of violating any of the provisions of this ordinance shall oe fined not more than $100.00, or imprisoned not more than ten days, or both fine and imprisonment may be imposed in the discretion of the court; provided that each day any house, room, apartment or other place is kept, run, conducted or maintained in violation of this ordinance shall constitute a separate offense and the offender shall be punished accordingly.
“Sec. 6. Be it further ordained, etc., that all ordinances or parts thereof in conflict herewith, and espeeiallly an ordinance adopted February 16, 1903, entitled ‘An ordinance — lewd women— defining district,’ be and the same are hereby repealed.
“Sec. 7. If any clause, paragraph, or part of this ordinance shall for any reason be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, or part thereof' directly involved in the controversy in which such judgment shall have been rendered.”
The defendants were convicted of violating the fourth section of the ordinance.
The preamble of the ordinance does not mention or refer to any other lewdness or indecency than prostitution or assignation. A woman’s living in concubinage' with a man, having illicit sexual intercourse with him alone, is neither prostitution nor assignation, within the accepted meaning of the words. See State v. Thibodeaux, 136 La. 935, 67 South. 973. “Lewdness” is not synonymous with “concubinage.” “Lewd” means lustful or lascivious. See Words and Phrases, uol. 5, p. 4108. According to the principle on which it was held that the Act No. 202 of 1912, purporting to denounce as a crime, without defining; an indecent assault upon a child or taking indecent liberties with a child, was invalid, the words “or other lewd or indecent act,” in the ordinance in question, add nothing to the ordinance, except to make plain the meaning of “prostitution” and “assignation.” See State v. Comeaux, 131 La. 930, 60 South. 620.
Our opinion is that the object and purpose of the ordinance in question is very plainly confined to the suppression of places that might be injurious to the health or morals of the soldiers in or about the city of Shreveport; i. e., places of prostitution or assignation. Although living in open and notorious concubinage might be regarded as a lewd and indecent affair, offensive to public morals, it is not the lewd or indecent state that this ordinance was intended to suppress. The facts upon which this case was submitted could not possibly affect the health of the soldiers in or about the city of Shreveport, or be any more offensive to their morals in times of war than in times of peace.
The conviction and sentence are annulled, and it is ordered that the prosecution be dismissed and the defendants released from custody.