(89 South. 866)

No. 24765.

## STATE v. SMITH.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⟐⟑1020—**Supreme Court has jurisdiction of appeal where sentence was for only six months in a possible felony case.**

Where a prosecution was for a possible felony, the fact that the sentence was imprisonment to the penitentiary for exactly six months does not take away the Supreme Court's appellate jurisdiction, since it is given such jurisdiction regardless of the penalty imposed by Const. 1913, art. 85; Const. 1921, art. 7, § 10.

2. **Criminal law** ⟐⟑417(2)—**Testimony of a witness that he offered to pay prosecuting witness for a hog secured from defendant held inadmissible.**

In a prosecution for hog theft, testimony of a witness, to whom one of the hogs had been given by defendant in payment for work, to the effect that he had agreed to pay the prosecuting witness, who claimed it, *held* erroneously admitted since the promise was not made in defendant's presence.

3. **Criminal law** ⟐⟑1169(1)—**Testimony to seeing stolen hogs in accused's wagon and going to prosecuting witness' place, held not prejudicial.**

In a prosecution for theft of hogs, testimony that after witness saw the hogs in accused's wagon he immediately went to the place of the prosecuting witness, from which there is only the inference that he informed such witness he had seen the hogs, *held* not prejudicial to accused.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Columbus Reid, Judge.

Tom Smith was convicted of hog stealing, and he appeals. Reversed and remanded.

Purser & Magruder, of Amite, for appellant.

A. V. Coco, Atty. Gen., M. J. Allen, Dist. Atty., and A. L. Ponder, Jr., both of Amite (T. S. Walmsley, of New Orleans, of counsel), for the State.

## On Motion to Dismiss.

DAWKINS, J. [1] The first matter we have to notice is a motion by the state to dismiss the appeal upon the ground that the court is without jurisdiction. The sentence was imprisonment in the penitentiary for a period of exactly six months, and it is suggested by counsel that this is less than the minimum jurisdiction of this court. However, the counsel have overlooked the fact that this was a possible felony in which the punishment might have been in the penitentiary, and of which we are given jurisdiction on appeal by express provision of the Constitution, whatever may have been the penalty actually imposed. Const. 1913, art. 85; Const. 1921, art. 7, § 10.

The motion, therefore is not well founded.

## On the Merits.

The errors complained of are presented by two bills of exception.

## Bill No. 1.

[2] It appears that defendant admitted taking, but claimed the ownership of the 11 hogs which he was accused of stealing, and had introduced one Gill as a witness to prove the open manner in which the hogs had been gathered up, incidentally showing that he had given this witness and a negro named Porter a shoat apiece for helping him get them off the range. On cross-examination, the district attorney pursued the following line of inquiry, over the objection of counsel for accused, and to which exception was reserved to wit:

"Q. Did you pay Mr. Addison after you got the shoat from Mr. Smith?

"A. No, sir; I wasn't able to pay him at that time.

"Q. Did you consider you owed him anything for it?

"A. If it was his hog, I do.

"Q. Didn't you agree to pay him for it?

"A. Yes, sir; he came there and said it was his."

The objection was that the evidence was irrelevant and immaterial unless the accused was present.

The only possible purpose of the state was to show that the witness Gill knew or had conceded or admitted that the hog belonged to Addison, as contended for by the prosecution; otherwise, the testimony was totally irrelevant. Certainly the witness could not, by such admission bind the accused either civilly or criminally; yet the testimony was reasonably calculated to impress the minds of the jury that the hogs belonged to the prosecuting witness, or that Gill believed they did, else he would not have agreed to pay for them. The effect was undoubtedly prejudicial to the accused in that it permitted a statement, admission or opinion, unsworn, ex parte and out of his presence, to be given to the jury as bearing upon a material issue in the case, which was doubtless considered by them, in view of the ruling of the court, in determining the question of innocence or guilt. No one can say to what extent it may have influenced their conclusions, and the lower court erred in not excluding it.

Bill No. 2.

[3] This bill was reserved to the ruling permitting one Spring to testify that after he saw the hogs in accused's wagon he immediately went down to the place of the prosecuting witness, Addison. There is only an inference that he had informed Addison that he had seen the hogs, but the examination went no further, and we can see no injury that resulted therefrom.

For the reasons assigned, the conviction and sentence are set aside, and this case is hereby remanded to the lower court, to be proceeded with according to law and the views herein expressed.