(123 So. 594)

No. 29927.

### STATE v. McGUIRE et al.

June 17, 1929. Rehearing Denied July 8, 1929.

J. Rush Wimberly, of Arcadia, for appellants.

Percy Saint, Atty. Gen., W. D. Goff, Dist. Atty., of Arcadia, and E. R. Schowalter,. Asst. Atty. Gen., for the State.

LAND, J. Each of the defendants is charged in the lower court in separate informations with the possession of whisky for sale for beverage purposes, and with the transportation of whisky for beverage purposes. All of the four cases were consolidated in the court a qua and were tried upon the same evidence, as they arose out of the same transaction.

These cases are also consolidated in this court for final disposition. Each of the defendants was convicted and sentenced in two separate cases, and has appealed from the judgment rendered against him in each case. Only two bills of exceptions are presented for review on appeal.

### Bill No. 1.

The information against Homer McGuire, charging possession of whisky for sale for beverage purposes, alleges that this is the second offense committed by this defendant.

On the trial of this information, the district attorney offered in evidence a former indictment and conviction of defendant for the sale of intoxicating liquors. This offering was objected to by counsel for McGuire on the ground that the previous charge and conviction were not admissible, as it was not an offense similar to the one for which defendant was then being tried, and was offered to prejudice the court.

At the time this objection was made, the trial judge was requested to charge himself not to consider the rejected offering in making up his verdict in the case.

The evidence objected to was properly excluded by the judge a quo, who states in the per curiam to this bill that "the court did not charge itself as to this offering because there was nothing before it to consider."

The bill is without the slightest merit, under the circumstances of the case.

### Bill No. 2.

This bill was reserved to the overruling of a motion for new trial on the ground that the verdict is contrary to the law and the evidence.

Defendants complain that the evidence before the court did not clearly establish the identity of either of them. This is a question of sufficiency of the evidence affecting the guilt or innocence of the defendants, a question of fact over which this court has no jurisdiction on appeal. Suffice it to say that the trial judge, in his per curiam to this bill, states that "there was no doubt in the mind of the court as to the guilt of the accused."

The convictions and sentences of the defendants in each of the four cases appealed from are affirmed.