163 So.2d 551

**STATE of Louisiana**

**v.**

**J. B. BRUNT, Sr.**

No. 46936.

May 4, 1964.

 

---

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Richard Kilbourne, Dist. Atty., for appellant.

R. G. Van Buskirk, Clinton, for appellee.

SANDERS, Justice.

By Bill of Information, the state charged J. B. Brunt, Sr. with an attempt to take wild turkeys by using corn to bait them in violation of a regulation of the Louisiana Wild Life and Fisheries Commission issued pursuant to LSA–R.S. 56:115. The defendant moved to quash the Information on several alternative grounds. For purposes of review, they may be reduced to major alternative contentions:

(1) The act alleged in the Information does not constitute a crime under the law.

(2) In the alternative, LSA–R.S. 56:-115 is unconstitutional insofar as it authorizes the Louisiana Wild Life and Fisheries Commission to establish "other rules and regulations" in that it fails to provide adequate standards and unlawfully delegates legislative power in violation of Article I, Section 2, and Article II, Sections 1 and 2, of the Louisiana Constitution and the 14th Amendment of the United States Constitution.

After argument, the trial judge sustained the second contention, holding the portion of LSA–R.S. 56:115 that authorizes the Commission to "establish other rules and regulations" to be unconstitutional. He sustained the motion to quash. The state appealed to this Court.[1]

LSA–R.S. 56:115 provides:

"The Louisiana Wild Life and Fisheries Commission is hereby specifically authorized, directed and empowered to fix seasons, bag limits and possession limits, *and establish other rules and regulations* for the taking or protection of any species or sex of wild game animals, migratory and resident wild game birds, non-game birds or protected animals, in any specified locality or localities of the state."

It is well settled that all crimes in Louisiana are statutory. The specification of the acts that are punishable as

---

1. Article VII, Section 10(1) of the Louisiana Constitution, LSA, makes cases in which a statute has been declared unconstitutional appealable to this Court.

crimes is a legislative function.[2] It follows that if the conduct charged is not made a crime by statute, the Bill of Information has no legal foundation.

Title 56 of the Revised Statutes includes several provisions imposing criminal penalties for the violation of specific sections of the law pertaining to the conservation of wild game. For example, LSA–R.S. 56:123 imposes penalties for hunting during closed seasons. However, none of these penal provisions applies to the conduct charged in the present case.

The state relies upon LSA–R.S. 56:139, which provides in part:

"Whoever violates any of the provisions of this Sub-part, where fine or imprisonment has not been otherwise specifically provided, shall be mandatorily fined not less than twenty-five dollars nor more than seventy-five dollars, or imprisoned in jail for not more than thirty days, or both, for the first offense * * *."

2. State v. Truby, 211 La. 178, 29 So.2d 758; State v. Vaccaro, 200 La. 475, 8

While this is a residuary penalty provision, it applies only to the violation of the *provisions of the Sub-part*, that is, the preceding statutory provisions. It does not purport to make criminal a violation of the administrative regulation alleged to have been violated in the instant case nor to impose criminal sanctions for such violation.

We have considered the authorities relied on by the State and find them inapposite.

We conclude that the Bill of Information does not set forth a crime under the law. Hence, the ruling of the trial judge sustaining the motion to quash is correct.

Since the alternative contention that LSA–R.S. 56:115 is unconstitutional cannot be reached, the judgment of the district court holding the statute unconstitutional must be vacated.

For the reasons assigned, the judgment of the district court is affirmed.

So.2d 299; State v. Comeaux, 131 La. 930, 60 So. 620.