HAMITER, Justice.
In this cause John H. Sanford was charged in a bill of information with having committed a theft of $310 in lawful money of the United States of America, being the property of Ennis G. Davis, d/b/a Joe and Dave’s Grill, which is an offense denounced by LRS 14:67 and punishable by imprisonment with or without hard labor, for not more than ten years.
After trial by a jury of five the defendant was found guilty of the lesser crime of unauthorized use of movables and was sentenced to serve1'six months in jail — the maximum confinement authorized by LRS 14:68. He is appealing.
In a motion filed here the state urges that the appeal should be dismissed, the sole ground being that this court lacks jurisdiction of it in view of the sentence actually imposed on the defendant.
The motion to dismiss the appeal is with1 out merit. In at least three decisions this court has held that in criminal cases we have appellate jurisdiction under Article 7, Section 10, paragraph 7,' of the'Louisiana Constitution of 1921 whenever the offense charged is punishable with imprisonment at hard labor (as the pertinent theft statute here provides), irrespective of the verdict found or the punishment inflicted. State v. Smith, 149 La. 617, 89 So. 866, State v. Glenn, 153 La. 147, 95 So. 534, State v. Melancon, 163 La. 435, 112 So. 37. See also Marr’s Criminal Jurisprudence of Louisiana (1923), Volumes I and II, Section 757.
Of course, the mentioned constitutional provision was amended by Act 561 of 1958 which governs this cause. But the material language of the two enactments is the same with respect to our appellate jurisdiction in criminal cases.
On the merits of this appeal the issues presented are identical with those found in State v. Sanford, No. 47,875 on the docket of this court and this day decided, 181 So.2d 50. In fact, the two separate briefs of the state are exactly alike, except that the language therein makes reference to the different amounts allegedly stolen *639 and to the variance between the two sentences imposed; and the single brief of defense counsel, which covers both cases as if they were consolidated, presents one argument for the respective issues involved. Accordingly, our decision therein controls this case.
For the reasons assigned in State v. Sanford, No. 47,875 on the docket of this court and this day decided, 181 So.2d 50, the conviction and sentence herein are affirmed.