SANDERS, Justice.
 

 The Grand Jury of Orleans Parish indicted the defendant, Leo Heymann and A. Lester Sarpy, for the theft of Six thousand Six hundred dollars, a felony. Upon trial, they were found guilty of attempted theft. The trial judge sentenced Sarpy to be imprisoned in the parish prison for six months and to pay a fine of $200.00. He sentenced Heymann to pay a fine of $200.-00. The defendants have appealed, relying upon 24 Bills of Exceptions.
 
 [1]
 

 We will find that at least two of the bills of exceptions have merit: Bills of Exceptions Nos. 11 and 25.
 

 The defendants reserved Bill of Exceptions No. 11 to the overruling of their motion to quash the indictment.
 

 The Grand Jury indictment was in the short form. It merely charged the “theft of Six thousand Six hundred ($6,600.00) Dollars * * * belonging to one Isaiah Thomas.” See LSA-C.Cr.P. Art. 465. In answer to defendants’ motions for a bill
 

 of particulars, the State informed the defendants the charge was laid under’Article 67 of the Louisiana Criminal Code and the theft was accomplished by means of fraudulent conduct and misrepresentations. In further answer to defendants’ motion, the State informed the defendants:
 

 “[T]he defendants herein fraudulently induced and deceived Isaiah Thomas, an ignorant, uneducated 78 year old colored male, into signing on November 29, 1965, an act of mortgage and a promis
 
 *23
 
 sory note in the amount of $9,600.00 without Thomas’ knowing the total amount of the mortgage and note, the monthly payments on the note and the fact that there was a balloon note as a last payment thereon; when defendants knew that Thomas’ income precluded his ever meeting the monthly payments or ever paying off the note.”
 

 In passing upon the motion to quash, the Court must determine whether the facts set forth in the bill of particulars, taken in connection with the indictment, are sufficient to constitute a crime. LSA-C.Cr. P. Arts. 485, 532; State v. Bonfanti, 254 La. 877, 227 So.2d 916; State v. Masino, 214 La. 744, 38 So.2d 622; State v. Bessar, 213 La. 299, 34 So.2d 785. The State, of course, is limited in its proof to the facts recited in the bill of particulars. State v. Bonfanti, supra; State v. Mann, 250 La. 1086, 202 So.2d 259.
 

 Nowhere in the factual recital is it disclosed that the mortgage note represents other than a legal indebtedness of the maker.
 

 The question presented then is whether it is a crime in Louisiana for a person to accept a mortgage note from another, who for any reason is ttnaware of the total amount, when the person receiving the note knows the maker’s income is insufficient to pay the note.
 

 We think not. It is well settled that all crimes in Louisiana are statutory. LSA-Cr.C. Art. 7; State v. Truby, 211 La. 178, 29 So.2d 758; State v. Vaccaro, 200 La. 475, 8 So.2d 299; State v. Comeaux, 131 La. 930, 60 So. 620. If the conduct charged, however reprehensible, is not made a crime by statute, the indictment has no legal foundation. State v. Brunt, 246 La. 99, 163 So.2d 551.
 

 As a foundation for the charge, the State must rely upon Article 67 of the Louisiana Criminal Code. That article defines theft as follows:
 

 “Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.”
 

 Under the above Article, the gist of the offense charged is a misappropriation or taking of money belonging to Isaiah Thomas by fraudulent conduct or representations.
 

 It is true the bill of particulars uses the word
 
 fraudulently,
 
 but this is a conclusion of law. See Latham v. Latham, 216 La. 791, 44 So.2d 870; Brenard Mfg. Co. v. Gibbs, 9 La.App. 137, 119 So. 483; 37 Am.Jur.2d Fraud and Deceit, § 424, pp. 574-579. The ultimate facts in the bill
 
 *25
 
 of particulars forming the basis for criminal conduct are these:
 

 (1) The maker was unaware of the amount of the note; and
 

 (2) The defendants knew that his income was such as to preclude him from paying it.
 

 In the context of the present charge, the foregoing circumstances attended the execution of a mortgage note representing a legal obligation. Hence, they are insufficient to sustain a misappropriation or taking of money from the maker of the note by fraudulent conduct or representations. In short, the ultimate facts- alleged are devoid of criminal consequences.
 

 In Bill of Exceptions No. 25, the defendants assert that there is no evidence of any of the essential elements of attempted theft, of which they were convicted. Attached to and made part of the Bill is the entire record, including the evidence.
 
 [2]
 

 We have long recognized such an allegation of the total absence of evidence raises a question of law, and if true, this Court must reverse the conviction. State v. Gatlin, 241 La. 321, 129 So.2d 4; State v. Roberts, 224 La. 491, 70 So.2d 100 ; State v. McLean, 216 La. 670, 44 So.2d 698.
 

 The evidence reflects that, in 1965, two representatives of Magnolia Builders, Inc., discussed with Isaiah Thomas certain home improvements. A construction cost of $2000 was agreed upon. It was discovered, however, there were judgments recorded against his property. Payment of the judgments and other expenses increased the amount needed to $3000.00. Thomas accompanied the employees of Magnolia to Canal Mortgage Company, where Isaiah Thomas gave a mortgage note to that company for the face amount of $9600, payable in monthly installments of $60.00 per month for 119 months, with the balance becoming due 120 months after date. The note bore 8% per annum interest but only from maturity. The note was discounted and Thomas received $3000.00. At the time, Thomas had an income of about $100.00 per month.
 

 Thomas conceded that he had the opportunity to read the “papers”, but did not do so because he had confidence in the agents of Magnolia Builders.
 

 Defendant Heymann, manager of Canal Mortgage Company, was in the office when the transaction took place. The record, however, is barren of any evidence of fraud or misrepresentations on his part.
 

 Defendant Sarpy was not present at the time and, insofar as the record shows, his
 
 *27
 
 sole connection with the transaction was that he later notarized the mortgage and paraphed the note.
 

 Under the Louisiana jurisprudence, the mortgage note is a legal obligation of the maker. The usury restriction has no application to discount. LSA-C.C. Art. 2924; Mayfield v. Nunn, 239 La. 1021, 121 So.2d 65; General Securities Co. v. Jumonville, 216 La. 681, 44 So.2d 702; Clasen v. Excel Finance Causeway, Inc., La.App., 170 So.2d 924, cert. denied 247 La. 619, 172 So.2d 702; Williams v. Alphonse Mortgage Co., La.App., 144 So.2d 600; 35 Tul. L.Rev. 276.
 

 LSA-R.S. 14:27 provides:
 

 ' “Any person who, having a specific intent to commit a crime, does' or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose. * * *
 
 ”
 

 Attempted theft is a lesser grade of theft. Such a conviction may be sustained though the theft attempted was actually committed. LSA-R.S. 14:27.
 

 In the bill of particulars the State disclaimed any contention that any of the parties connected with the loan transaction engaged in a criminal conspiracy. The record, moreover, contains no evidence of such a conspiracy.
 

 We conclude the record contains no evidence of either theft or attempted theft.
 

 The discount in the present case is exorbitant. Such a transaction must be condemned in the strongest terms. The elimination of discount abuse, however, addresses itself to the Legislature.
 

 For the reasons assigned, the convictions and sentences are reversed, and the defendants are discharged.
 

 [1]
 

 . Since the offense
 
 charged
 
 was punishable by imprisonment at hard labor, an appeal lies to this Court. State v. Sanford, 248 La. 636, 181 So.2d 52 (1965).
 

 [2]
 

 . A review of Bill No. 25 is appropriate to determine whether the defendants should be discharged or the State afforded an opportunity to amend the Bill of Particulars. See State v. Mann, 250 La. 1086, 202 So.2d 259.