HAMLIN, Justice:
Defendant appeals to this Court from his conviction of the crime of attempted murder and his sentence to serve nineteen years at hard labor in the Louisiana State Penitentiary. See, LSA-R.S. 14:27, Act 471 of 1970; LSA-R.S. 14:30.
The matter was submitted to this Court without argument. In brief, defense counsel presents one specification of error for our consideration.[1]
The specification of error avers that the court erred in failing to grant a new trial, inasmuch as there was no identification of the defendant. Counsel for the defendant argues in brief, “Clearly, the evidence in this case showed there was an attempted murder, but equally as clearly, there was no evidence which identified Robert Matthews as the person who fired shots at the alleged victims. The conviction must be reversed.” The Motion for New Trial, and, in alternative, Motion for Arrest of Judgment, recites, in part:
“1.
“Defendant was convicted by a five-man jury on April 13, 1967, of attempted murder.

“2.

“The verdict is contrary to the law and the evidence, in that your defendant has not been identified by any person as the perpetrator of the alleged crime.
“3.
“Defendant shows that alternatively, the State having presented all evidence *223 available to it, and he not being identified as the perpetrator of the alleged attempted murder, he is entitled to an order arresting the judgment, and dismissing the charge against him.”
“* * * although the appellate jurisdiction of the Supreme Court is specifically limited by the Louisiana constitution to questions of law alone, when it is asserted, as here, that there is a total lack of evidence to support the conviction of the crime charged, or any element thereof, this raises a question of law that is subject to our review.” State v. Fruge, 251 La. 283, 204 So.2d 287. See, State v. McLean, 216 La. 670, 44 So.2d 698; State v. Champagne, 251 La. 849, 206 So.2d 518; State v. Heymann, 256 La. 18, 235 So.2d 78. Cf. State v. Douglas, 256 La. 572, 237 So.2d 382.
We have read the evidence of record and find that defendant herein was not identified by the victim of the attempted murder named in the Bill of Information.[2] There is, however, more than a substantial amount of evidence connecting the defendant with the commission of the offense. The trial judge’s charge to the jury also explicitly explains “reasonable doubt” and “circumstantial evidence.”
When there is some evidence of the elements of the crime, only an unreviewable factual question is raised. This Court cannot review the sufficiency of the evidence. State v. Page, 251 La. 810, 206 So.2d 503. See, State v. Plaisance, 252 La. 212, 210 So.2d 323.
“Whether the facts of a case bring it within a penal statute is primarily to be determined by the trial court. The question whether any particular fact indispensable to conviction has been proved is for the jury or the trial court, and the general rules under which the appellate court acts in examining evidence may be applied to each essential ingredient of the crime.
«* * *
“Similarly, the verdict is usually conclusive on the issue of the identification of accused as the person who committed or participated in the crime, * * *
“* * *” 24A C.J.S. Criminal Law § 1884(1), pp. 840, 844.
In the early case of State v. McGuire, 168 La. 844, 123 So. 594, June 17, 1929, this Court stated: “Defendants complain that the evidence before the court did not clearly establish the identity of either of them. This is a question of sufficiency of the evidence affecting the guilt or innocence of the defendants, a question of fact over which this court has no jurisdiction on appeal. * * *” The rule of the McGuire Case prevails today and is embodied in our jurisprudence.
*225 We conclude that the identity of the defendant herein was a matter of fact for the jury to determine. As stated supra, there is evidence of record connecting the defendant with the commission of the crime charged; we are precluded from considering its sufficiency. State v. Burke, 254 La. 351, 223 So.2d 829; State v. Seals, 255 La. 1005, 233 So.2d 914. Having determined that defense counsel’s averment that there is a total lack of evidence to support the present verdict is without merit, there is no further question of law for our review.
The specification of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.

. Two bills of exceptions were reserved during tbe course of trial.
Bill of Exceptions No. 1 was reserved to tbe trial court’s overruling defense counsel’s objection to the admission in evidence of the testimony of Bay Herd concerning a physical examination of defendant out of the presence of his counsel and his subsequent testimony as to what the physical examination revealed. We consider this bill abandoned as it is not urged in brief.
Bill of Exceptions No. 2 was reserved to the trial court’s overruling defendant’s motion for a new trial. This bill incorporates the subject matter of the specification of error herein presented.

. Shots were directed at two persons, but only one victim is named in the Bill of Information.