DIXON, Justice.
Defendant was convicted by a jury and sentenced for violating R.S. 14:81—the commission of lewd and lascivious acts with a male child under the age of seventeen with the intent of gratifying her own sexual desires.
We find no reversible error, and will discuss the bills of exceptions in the order in which they were briefed.
Bill of Exceptions No. 1 is without merit. The defendant objected to allowing a prosecution witness to testify from certain photographs. The basis of the objection was that no foundation had been laid for the introduction of the photographs into evidence. The defendant was adequately protected when the judge instructed the jury that it might consider testimony concerning the photographs only if they were subsequently received into evidence. The photographs were subsequently admitted into evidence without objection from the defendant.
Bills of Exceptions Nos. 2, 3 and 4. Defendant claims she was unduly limited in cross examining the prosecution witness, the father of the “victim” of the offense. The first question ruled inadmissible asked for a description of the incident which resulted in the witness’ son’s first detention in the juvenile facility. The second question ruled out referred to the witness’ son’s school record. The third such question was, “How old was your son when you first started having difficulty with him?” The trial judge was correct in ruling the questions irrelevant, and therefore improper for the purpose of impeaching the testimony of another witness. See R.S. 15:491, 494.
Bills of Exceptions Nos. 5, 7 and 11 concern the introduction into evidence of testimony that defendant purchased “model glue,” that it was one of the substances covered by R.S. 14:93.1, and that defendant supplied the prosecuting witness with the glue, knowing that he intended to use it to intoxicate himself. Defendant contends that she was unduly prejudiced by the introduction of evidence tending to show that she committed criminal acts separate and distinct from that charged.
“Glue sniffing” is inextricably bound to the circumstances of this case. The young prosecuting witness testified that the de *881 fendant supplied him with glue often, and that it figured in his relationship with her. He was in frequent difficulty with his family and the juvenile authorities because of glue sniffing. He was friendly with defendant’s son, a contemporary of his, and testified that they were “stoned” together at defendant’s house. On November 4, the day defendant was arrested, she brought glue to the prosecuting witness, at his request. Much testimony about the glue was admitted without objection. The facts concerning the glue are relevant to the relationship of the defendant and the witness, and bear upon the offense charged. There is no error demonstrated by Bills of Exceptions Nos. 5, 7 and 11.
Bills of Exceptions Nos. 6 and 10 were taken to the introduction of tape recordings of telephone conversations between the accused and the prosecution witness. Defendant obtained an order for the production of “all documents, purported confessions, tapes or other exhibits which the State may have or intend to use on the trial of this matter instanter.” The objection to the use of such tapes was based: on the denial by the district attorney that he possessed tapes; that the district attorney failed to mention tapes in his opening statement; and that C.Cr.P. arts. 768 and 769 make it the duty of the State to inform the accused of the intention to use inculpatory statements in advance of trial. The record does not disclose that the tapes contained inculpatory statements. They were of a poor quality, and were partly inaudible. The tapes were of telephone conversations, taped by police officers in the home of the prosecution witness on the day the accused was arrested. Telephone conversations were mentioned by the district attorney in his opening statement. He need only “set forth, in general terms, the nature” of the State’s evidence. C.Cr.P. art. 766. It is not contended that the accused, in the taped conversation, confessed to a crime or admitted to an illegal act. An inculpatory statement must be incriminating. Otherwise, the statement is not governed by rules applicable to confessions. State v. Andrus, 250 La. 765, 199 So.2d 867. The defendant is not entitled to the production of statements which are not inculpatory. See State v. Crook, 253 La. 961, 221 So.2d 473. Although the defendant now argues that the tapes should not be admitted because the district attorney denied that he had any before the trial, the defendant did not urge this as a reason for excluding the evidence before the trial judge, and did not demonstrate that she was prejudiced by the denial. When it became evident that the State intended to introduce the tapes in evidence, the defense attorney demanded and was accorded the right to hear the tapes out of the presence of the jury, before they were introduced into evidence. The trial judge correctly ruled that the evidence was relevant and competent. The use of the tapes *883 in cross-examination of the defendant was not improper.
Bill of Exceptions No. 8 was reserved to the denial of the defense motion for a directed verdict. This court has repeatedly held that the trial judge is without authority to grant a motion for directed verdict at the close of the State’s case. See State v. Graves, 259 La. 526, 250 So.2d 727 and cases there cited.[1]
Bill of Exceptions No. 9 was reserved when defendant’s husband, on cross-examination, was asked if his son was in a mental hospital. It is true that the question was immaterial and irrelevant. The district attorney should not have asked it, and the trial judge should have sustained the objection. This erroneous ruling, however, is not grounds for reversal. C.Cr.P. art. 921. To subsequent continued questioning of the witness concerning misconduct of the son, defendant did not reserve a bill of exceptions. Bill of Exceptions No. 9 is without merit.
Nor is there merit to Bill of Exceptions No. 12. It was reserved to the overruling of a defense objection that certain testimony was not proper rebuttal. The trial judge correctly ruled that the testimony sought tended to contradict and explain prior testimony of a defense witness.
The final Bill of Exceptions, No. 13, was reserved when the trial judge did not sustain defense objection to certain rebuttal argument of the district attorney. The argument concerned the difference between the date of the offense charged in the bill of information and the dates of sexual misconduct by the defendant testi *885 fied to by the youthful “victim.” The bill charged that the defendant “on the fourth (4th) day of November . . . did violate L.R.S. 14:81 in that she being over the age of seventeen did commit lewd and lascivious acts with Roger D. Bailey, a male child under the age of seventeen, with the intent of gratifying her own sexual desires, . . . ”
In answer to a motion for a bill of particulars, the State alleged that the lewd acts with which the defendant was charged were sexual intercourse and unnatural carnal copulation, on or about October 29, 1969 and on or about November 4, 1969. On argument on the motion, an assistant district attorney stated he would strike from the answer the words “and numerous other occasions.” Evidence of sexual activity between defendant and the prosecution witness on October 29 was admitted without objection. There was never an attempt made by the State to amend the bill of information. (See C.Cr.P. art. 488; State v. Long, 129 La. 777, 56 So. 884).
At the time of the defense objection to the district attorney’s summation, the trial judge instructed the jury that the “argument of counsel is not evidence. The Court will instruct you as to the law at the conclusion of the argument.”
The district attorney argued that the date and time of the offense, charged in the bill of information in the case before the jury, were immaterial under the law of Louisiana. Of course, the date and time of the offense are not “immaterial.” The district attorney simply referred to the provisions of C.Cr.P. art. 468:
“The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense.
“If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day.
“All allegations of the indictment and bill of particulars shall be considered as referring to the same date or time, unless otherwise stated.”
A portion of the Official Revision Comment on C.Cr.P. art. 468 is:
“(b) This article follows the substance of the source provisions in providing that the indictment need not state the date or time of the crime unless the date or time is essential to the offense. However, instead of the single word ‘time,’ this article employs the more expressive ‘date or time.’ A robbery, burglary, or theft indictment need not state the date or time of the crime. On the other hand, if the crime is dependent upon the defendant’s act having been committed on. a specific *887 date, such as election day or Sunday, the date of the crime is an element of the offense and must be charged in the indictment.”
The objection is simply to the argument of the district attorney before the jury. There is no contention that the accused was surprised or in any way prevented from defending herself from the accusation of misconduct on or about November 4, nor on or about October 29. The argument of the district attorney was designed to assist the jury in reaching a conclusion on a technical feature of the criminal prosecution — one which was argued and relied upon in the summation of the defense. The argument was not improper. The Code of Criminal Procedure provides in article 774:
“The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
“The argument shall not appeal to prejudice.
“The state’s rebuttal shall be confined to answering the argument of the defendant.”
There is no merit to Bill of Exceptions No. 13.
For these reasons, the conviction and sentence are affirmed.
BARHAM, J., concurs.

. This ease demonstrates a problem involving the holding of State v. Hudson, 253 La. 992, 221 So.2d 484. When the trial judge in the instant case ruled on the motion for a directed verdict, he stated, “there is nothing in the record which would support a conviction for indecent behavior on the date alleged in the bill of information, so as stated, the Court would grant a directed verdict, should the Court be authorized to do so.” There is no evidence of lewd and lascivious acts on November 4. The instructions confined the jury to acts on November 4. The district attorney argued to the jui-y that kissing was lewd and lascivious in view of evidence of prior sexual acts between the parties. The jury convicted. In the absence of a motion for a directed verdict, how is the question of no evidence to be raised and preserved for review? Grounds for a new trial do not include no evidence. The motion in this case tracked the provisions of C.Cr.P. art. 851, and alleged that the verdict is contrary to the law and the evidence. This court has repeatedly held that this presents nothing for review. At any rate, the record does not reflect that a bill was reserved to the overruling of the motion for a new trial and none was perfected. The provisions of C.Cr.P. 841 and 920 would operate to prevent review.
Presumably, in an appropriate case, when a bill is reserved and perfected, this court would hold that the “no evidence” question can be preserved for review in a motion for a new trial. See State v. Matthews, 257 La. 220, 242 So.2d 227; State v. Heymann, 256 La. 18, 235 So.2d 78; cf. State v. Gatlin, 241 La. 321, 129 So.2d 4.