322 So.2d 143 (1975)
STATE of Louisiana
v.
Edward GIBSON.
No. 56388.
Supreme Court of Louisiana.
October 1, 1975.
Dissenting Opinion November 18, 1975.
Rehearing Denied October 31, 1975.
Murphy W. Bell, Director, Fred A. Blanche, III, Trial Attorney, Roland T. Huson, III, Appellate Counsel, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., John W. Sinquefield, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Edward Gibson was charged by bill of information with the distribution of heroin in violation of La.R.S. 40:966(A). After trial by jury, on November 4, 1974, defendant was found guilty. Polling of the jury revealed nine jurors in favor of the verdict and three in opposition to it. Subsequently, defendant was sentenced to serve ten years at hard labor. On appeal, defendant relies upon four assignments of error for reversal of his conviction and sentence. Finding reversible error in the denial of defendant's motion for a continuance (Assignment of Error No. 2), we need not consider the other assigned errors.
On May 16, 1973, an undercover agent for the Baton Rouge Police Department, Officer Charles Spillers, arranged, through an informer, for the purchase of four papers of heroin from Edward Gibson. On the same date, the informer handed Gibson $60.00 in the presence of Spillers. Gibson left, but returned in a few minutes and handed the four papers of heroin to the informer, who then turned it over to Spillers. The substance was determined to be heroin by the crime lab. Defendant was subsequently *144 arrested and charged with distribution of heroin.
Originally, the bill of information and bill of particulars furnished by the state set out that defendant distributed heroin to Charles Spillers of the Baton Rouge City Police Department.[1] The transcript of a hearing on various motions held on October 7, 1974 reveals that both the state and defendant were under the impression at that time that the charge involved the distribution of heroin by defendant to Officer Spillers. After reviewing the police report, Spillers realized it was in error in designating him as the party, rather than the confidential informer, who handed the money to Gibson and to whom Gibson distributed the heroin. He reported the error to the district attorney; however, no action was taken by the state until Thursday, October 31, 1974 (the next day, Friday, was a legal holiday, and trial was set for Monday, November 4, 1974), at which time, the state amended the bill of information by deleting "to C. Spillers, a Baton Rouge City Police Officer," and a similar recital[2] was likewise deleted by an amendment to the bill of particulars. There is an indication in the record that the state informed defense counsel on Monday before the Thursday amendments that this change would be made, but the state did not disclose any information concerning the informer. It was the state's position that it was not required to furnish defendant the names of witnesses prior to trial. In fairness to the state, it is evident from the record that Spillers and the state only knew the informer as Bickham or Bigman with the nickname of "Duke." His exact name and address were unknown to them. The record also reveals that the state attempted to locate the informer on Thursday before trial; however, the party making the search did not know the informer's nickname nor did he check the city police informer files where the informer's name and address might have been listed.
Defendant filed a motion for continuance on the morning of trial, Monday, November 4, 1974, asserting that, because of the amendment to the information and change in the particulars, it was necessary for defendant to have time to find out the name and whereabouts of the confidential informer to whom the sale was allegedly made in order to properly prepare his defense. After hearing, this motion was denied.
According to the provisions of article 489 of the Louisiana Code of Criminal Procedure:
If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy.
The purpose of the continuance, as authorized by this statute, is to protect a defendant from surprise or prejudice which may result from such amendment. Defendant must show in what respect his defense is prejudiced by the change. State v. Hubbard, 279 So.2d 177 (La.1973).
Up until Thursday before trial on Monday, or no earlier than the Monday before the trial date, defendant was prepared *145 to defend against a charge, the proof of which was restricted to the sale of heroin to Officer Charles Spillers, as the state is limited in its proof to the facts recited in its bill of particulars.[3] However, by the amendment to the bill of particulars, the limitation of proof was removed. As a result of this amendment, and considering the amendment to the bill of information, defendant was confronted for the first time with a charge by the state of distribution to someone other than Officer Spillers. Consequently, the name and location of the person to whom the sale was allegedly made by defendant became crucial in the preparation of his defense.
The circumstances of the case demonstrates that the identity and possible testimony of the informer were highly relevant and material and might have been helpful to the defense. Defendant's opportunity to cross-examine Officer Spillers was hardly a substitute for an opportunity to examine the man who allegedly took part in the transaction. The informer's testimony might have thrown doubt upon defendant's identity or the identity of the substance allegedly distributed. Moreover, defendant took the stand in his own behalf and denied making the sale to the said informer or to anyone. The informer might have corroborated his testimony. Officer Spillers admitted that he did not consider the information would make a good witness for the state because he was an addict and had been involved in "other things." He also expressed a view as to the possibility that the informer might "turn us around" if he testified or refused to testify. Whatever reason the state had for not calling the informer as its witness was within its prerogative; however, the accused had a right to make his own decision in this regard after having sufficient time in which to locate and interview the informer in the preparation of his defense. The action by the state in amending the bill of information and bill of particulars four days before trial and the denial of a continuance effectively denied the accused this opportunity. Under these circumstances, we conclude that defendant was prejudiced in the preparation of his defense. Hence, the trial judge committed reversible error when he denied defendant's motion for a continuance in this case.

DECREE
For the reasons assigned, the conviction and sentence are reversed and set aside; the cause is remanded for a new trial.
SUMMERS, Justice (dissenting).
It is elementary that the granting or refusal of a continuance rests in the sound discretion of the trial judge, and his ruling will not be disturbed in the absence of an arbitrary or unreasonable abuse of discretion. La.Code Crim.Proc. art. 712; State v. Williams, 262 La. 317, 263 So.2d 306 (1972); State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971). Not many legal propositions have received such widespread recognition in the law.
Article 489 of the Code of Criminal Procedure, while authorizing a continuance when an amendment to an indictment is allowed, requires that the defense be prejudiced by the amendment in order to be entitled to the continuance. La.Code Crim. Proc. art. 921. To determine prejudice, the court is directed to "consider all the circumstances of the case and the entire course of the prosecution." La.Code Crim.Proc. art. 489. In my view the trial judge is in a much better position to make this determination that is this Court on the basis of a cold record; that is why he is entitled to broad discretion in this matter. Moreover, inasmuch as Article 488 permits amendments to indictments even during trial when a variance occurs between the *146 proof and the allegation of the indictment, this indictment could have been legitimately amended during the trial.
Another factor the Court has failed to consider, which undoubtedly influenced the ruling of the trial judge, is the fact that the name of the person to whom the heroin was sold was not an allegation which was either essential or necessary to the validity of the indictment. Spiller's name was unnecessary and, by the authority of Article 486, could be disregarded as surplusage. State v. Hubbard, 279 So.2d 177 (La.1973).
On October 31, 1974 before the November 4, 1974 trial, defense counsel was advised of the State's intention to amend the indictment to delete Officer Spiller's name. At that time the bill was so amended. Yet defense counsel made no motion for a continuance until the day of the trial. Even then, no evidence was produced to support the claim that preparation of the defense would be affected by the change. There was, therefore, no evidence to support this Court's highly speculative statement that "The informer's testimony might have thrown doubt upon defendant's identity or the identity of the substance allegedly distributed." This highly speculative statement disregards the fact that the "identity" of the "substance" was proven by the laboratory analysis of an expert and stipulated to be heroin by the defense.
The informer "Duke", whom Gibson had known for a long time, was not shown to be unavailable.
The motion for continuance was couched in vague and indefinite terms and fails entirely to allege "specifically the grounds upon which it is based". La.Code Crim. Proc. art. 707. The only allegation of the motion for continuance which could be considered specific referred to the need to obtain information to test the credibility of the confidential informer "should he be called to testify." Failure to grant a continuance based upon this allegation could not possibly have prejudiced the defendant because the issue it presents was rendered moot when the confidential informer was not called to testify and defense counsel was informed to this effect by the prosecution at the hearing for the continuance. No conceivable prejudice resulted from the denial of the continuance. La.Code Crim. Proc. art. 921.
Defense counsel has not correctly prepared a bill of exception or assignment of errors by a written assignment of errors as Article 845 of the Code of Criminal Procedure requires. For this reason, the issue upon which this reversal is based should not be considered on this appeal. See also La.Code Crim.Proc. arts. 844, 920.
Under these circumstances it is unrealistic and irrational to hold that deleting Officer Spiller's name had the effect of depriving the defense of an opportunity to properly defend. Especially is this true when defendant had been represented by counsel at least since July 1974. There was ample time for a complete and independent investigation of the facts by the defense.
By this decision reversing the conviction, this Court has unduly restricted the latitude the law contemplates the trial judge should have in granting or denying continuances, an important and necessary phase of the authority he requires for the conduct of criminal trials.
This defendant, a convicted burglar who had served a term in the State Penitentiary, was, during May 1974, when he sold the four papers of heroin, employed in the Headstart program working in recreation and social services with youthful offenders. In this capacity, when he discovered the undercover status of Officer Spiller, instead of cooperating with law enforcement, he disclosed this information to a number of his acquaintances thus impairing Officer Spiller's effectiveness and alerting possible narcotic offenders.
I would uphold the trial judge and would not reverse this conviction.
NOTES
[1] The bill of information charged distribution of heroin "to C. Spillers, a Baton Rouge City Police Officer." The bill of particulars furnished by the state recited that the heroin was sold "to Charles Spillers of the Baton Rouge City Police Department."
[2] See footnote 1.
[3] State v. Glover, 304 So.2d 348 (La.1974); State v. Heymann, 256 La. 18, 235 So.2d 78 (1970); State v. Bonfanti, 254 La. 877, 227 So.2d 916 (1969); State v. Mann, 250 La. 1086, 202 So.2d 259 (1967).