Dear Mr. Miller,
This office is in receipt of your opinion request of recent date. Your question, as I appreciate it, is:
Whether it is legal to mount neon lights beneath motor vehicles where the bulbs are not themselves visible, but the glow which they emit is visible.
Title 32 of the Louisiana Revised Statutes titled "Motor Vehicles and Traffic Regulations" governs our response. Sections 301-333 specifically address lamps and other lighting equipment. Of these sections the only one with possible applicability is § 327 providing:
 A. Any lighted lamp or illuminating device upon a motor vehicle, other than head lamps, spotlamps, auxiliary lamps, flashing turn signals, emergency vehicle warning lamps and school bus warning lamps, which project a beam of light of an intensity greater than 300 candlepower shall be so directed that no part of the high intensity portion of the beam will strike the level of the roadway on which the vehicle stands at a distance of 75 feet from the vehicle.
 B. No person shall drive or move any vehicular equipment upon any highway of this state with any lamp or device thereon displaying a red or green light visible from directly in front of the center thereof. This section shall not apply to any vehicle upon which a red or green light visible from the front is expressly authorized or required by this Chapter or by regulation of the department.
 C. Flashing lights are prohibited except on authorized emergency vehicles, school buses, or on any vehicle as a means of indicating a right or left turn, or the presence of a vehicular traffic hazard requiring unusual care in approaching, overtaking or passing.
 D. No Person shall sell a dashboard, hood, vehicle front grill, or vehicle roof mounted emergency light that emits a blue or red glow, or that emits a glow in any combination of the colors red, white, and blue, to any person who is not a peace officer, firefighter, or a person employed in the performance of emergency or public utility services. No person shall possess such an emergency light except peace officers, firefighters, public utility, and emergency personnel. However, vehicles which are owned and operated by members of nonprofit corporations as provided in R.S. 12:201, et seq. and which are tax exempt in accordance with Section 501(c) of the Internal Revenue Code, for exhibition in shows, parades, tours, and other special events and not for general transportation may be equipped with alternately flashing red lights and these lights may have sufficient intensity to be visible at five hundred feet in normal sunlight, provided that such use shall only be allowed when the vehicle is participating in exhibitions, shows, parades, tours, and other special events, and not for general transportation. The secretary by rule shall establish the criteria to be used in determining which persons, other than members of such nonprofit corporations, qualify to purchase or possess emergency lights as described in this section.
It is undisputed that a penal statute must be strictly construed and cannot be extended to cases not included within the clear import of its language. State v. Truby et al.,211 La. 178, 29 So.2d 758 (1947). Additionally, as the Louisiana Supreme Court stated in State v. Boowell, 406 So.2d 213 (1981), "It is a fundamental principle of statutory construction that penal provisions are strictly construed in favor of defendant, who must be afforded the benefit of genuine ambiguity." Subsection (B) of § 327 when read alone could be construed to prohibit red or green neon lights emitting a glow that could be visible from directly in front and center of the vehicle. However, the context of the complete section indicates that the intent of this section, including subsection (B), is to prohibit emergency lights or perhaps lights that could be mistaken to be emergency lights. Finally, when taking into account the above-stated principles of construction, it is the opinion of this office that LA R.S.32:327 does not prohibit neon lights mounted underneath a vehicle where the bulbs are not visible but their glow is visible.
No other provision of Title 32 is remotely applicable to such lighting. All crimes in Louisiana are statutory, so there can be no crime which is not defined and denounced by statute.State v. Comeaux, 131 La. 930, 60 So. 620 (1913). In light of this principle, it is the opinion of this office that no other provision of Title 32 prohibits such lighting.
In sum, under Title 32 it is legal to mount neon lights underneath a vehicle where the bulbs are not themselves visible but the glow which they produce is visible If we can be of further assistance in this or any other matter, please do not hesitate to contact us at your convenience.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JULIE COLLINS
ASSISTANT ATTORNEY GENERAL
REVIEW SHEET
DATE: July 7, 1999
REPORT OF THE CRIMINAL DIVISION OPINION REVIEW COMMITTEE
We have reviewed the attached opinion number 99-186 on the __________ day of _________________, 1999, and find that this opinion is acceptable and ready for release, with the following exceptions, comments and/or recommendations, to-wit:
________________________________________________________
JULIE CULLEN ELLISON C. TRAVIS DATE
DIRECTOR, CRIMINAL DIVISION ASSISTANT ATTORNEY GENERAL
___________________________
MARY E. HUNLEY DATE
SECTION CHIEF
___________________________
JAMES L. PIKER DATE
ASSISTANT ATTORNEY GENERAL
PLEASE INITIAL IF APPROPRIATE FOR PUBLICATION
________ _________ _________
________ _________ _________
________ _________ _________