BRUNOT, J.
 

 The appellant and four other persons were charged jointly with the crime of breaking and entering a warehouse, in the nighttime,
 
 *353
 
 with intent to steal. Four of the accused, including appellant, were arrested, arraigned, pleaded “not guilty,” and-the case was assigned for trial. On the day of the trial, appellant filed motions for a severance and for a continuance. Both motions were overruled, and a formal bill of exceptions was reserved to the overruling of appellant’s motion for a continuance. After eleven jurors had been selected to try the case, the district attorney entered a nolle prosequi as to two of the accused, and the trial proceeded to its termination as to appellant and one other of the accused, with the result that appellant alone was convicted. Thereafter a motion for a new trial was filed, heard, and overruled, and appellant reserved a bill of exceptions to this ruling. This bill may be dismissed with the statement that it was reserved and perfected merely for the purpose of properly presenting to this court an agreed statement of the facts before the court when appellant’s motion for a continuance was overruled.
 

 The statement of facts follows:
 

 “It is agreed by and between Honorable David I. Garrett, District Attorney, and J. Norman Coon, attorney for the defendant in the above styled and numbered case, that the following is' a true and correct statement of the facts as presented and adduced in the trial of this case, to-wit:
 

 “1. It is agreed that the defendant in this case employed Mr. H. H. Russell as his attorney to represent him in the matter of this case. This agreement tools place some two or three weelss prior to the date of the trial of the ease. It is further agreed that the said Mr. Russell, who was the attorney of the defendant by choice, was very ill and unable to be present and represent his client, the defendant herein, on the date of the trial. As a matter of fact, Mr. Russell was at the Riverside Sanitarium, Inc., of this City, where he was receiving treatment for some few days before the date of the trial and for several days thereafter. The defendant only learned of his attorney’s illness the day prior to the time when the ease was set for trial.
 

 “2. It is further admitted that the District Attorney knew of this employment relation between Mr. Russell and the defendant and in view thereof, had agreed to continue any and all cases and particularly the said Clarence Lewis case, in which the said Mr. Russell was interested as counsel. Mr. Russell got Mr. W. A. Walker, Jr., of this City, to communicate with the District Attorney’s office and advise said office of his, Mr. Russell’s illness, and to request that all of the eases in which he was interested as counsel be continued until a later date. The District Attorney promised Mr. Walker that all of such cases would be continued. This information was communicated to the defendant on the day before the ease was set for trial.
 

 “3. On the evening of the day before the defendant’s ease was set for trial, he employed J. Norman Coon as his special attorney to file a motion for a continuance of his ease on the ground that his attorney of choice, Mr. H. II. Russell, was sick and unable to be present and represent him on the date the case was set for trial. It is specially agreed that this was the extent and limit of the employment relation between the defendant and said attorney. It is further agreed that the said attorney did not discuss the. merits of defendant’s case with him at any time before the trial of the case. It is further agreed that the said J. Norman Coon, on the afternoon .of the day before the ease was set for trial, communicated with the District Attorney’s office and was advised by the Assistant District Attorney that he, the said Assistant District Attorney,
 
 *355
 
 was under the impression that an arrangement had been made and agreed upon between the District Attorney and Mr. H. H. Russell, whereby all of the cases in which the said Mr. Russell was interested as counsel would be continued. The said Assistant District Attorney, Mr. J. B. Thornhill, stated that he felt sure that Clarence Lewis’s ease would be continued the following day.
 

 “4. On the morning of the day of trial, the District Attorney told the Court Mr. Russell represented defendant and case should be continued ; asked the defendant if Mr. Russell represented him and he replied that Mr. Russell did not represent him, stating that he did have an attorney, and that the said attorney was Mr. J. Norman Coon. Then as soon as the said J. Norman Goon arrived at the Court House and filed a motion for the continuance of the defendant’s case on the ground that his attorney of choice, Mr. H. H. Russell, was sick and unable to be present, the Court overruled said motion on the ground that the defendant stated that he did have an attorney. It is further agreed that the said J. Norman Coon then asked the defendant to explain to the Court just in what relation and capacity the said J. Norman Coon was representing him. He then stated that Mr. Russell was his attorney of choice and that the said J. Norman Coon was only his special attorney who was employed solely and only for the purpose of filing the motion for continuance. Notwithstanding this the court ruled that the defendant was sufficiently represented and forced him to a trial of the case.
 

 “5. It is further agreed that the said J. Norman Coon is a young member of the Bar and has had a very limited experience in the matter of the trial of criminal cases and on the other hand, it is agreed that the said Mr. II. H. Russell has practiced his profession for many years and is a very able attorney in evrespect and that the said Mr. Russell could have represented the defendant in a more able and competent manner, particularly in view of his ability and by reason his thorough understanding of all of the and merits of the defendant’s case. It'is further specially agreed that the said J. Nor-Coon knew nothing whatever of the facts regarding the defendant’s case, had no opportunity to discuss with the defendant the facts involved, and that his representation of the defendant, after said motion for a continuance was overruled, served no real worth.
 

 view of all of the circumstances of this case, said J. Norman Goon had justifiable reasons to believe that the defendant’s ease would be continued, and that under the circumstances, he did not have sufficient time in which to properly inform himself of the facts the defendant’s ease and adequately represent him at the trial of said case, and that the said J. Norman Coon was informed that of Mr. Russell’s cases would be continued, and that it took him by surprise when the Court overruled the motion for a continuance in this case and required the trial to proceed. It is further agreed that the said J. Norman Coon, in filing the motion for a continuance, appeared as a special attorney for the defendant and Solely and only for the purpose of filing said motion.
 

 case 1980, and it is admitted that after the motion for a continuance was overruled by the Court, David I. Garrett, District Attorney, then and there explained to the Court that he had been informed that Mr. Russell was the defendant’s attorney and stated to the Court that he had agreed with Mr. Russell to grant a continuance of the trial, of the defendant’s case, and for that reason, requested that the Court continue the trial of defendant’s ease.
 
 *357
 
 The Court would not consider sueli request and further ordered that the trial of the case he had on the date for which it was set. The defendant in this case is a colored man and on the hearing of the motion for a new trial in this case, he testified and explained what he meant when he stated to the Court that he was ready for trial, inasmuch as he had J. Norman Coon for his attorney. The defendant stated that he merely meant that J. Norman Coon was his attorney for the purpose of filing a motion for a continuance, and that he figured that the case would proceed only so far as the filing of the motion was concerned.
 

 “In Faith whereof, we have hereunto signed our names in the presence of the undersigned legal and competent witnesses and the said Notary Public on this 28th day of June', 1930.
 

 “D. I. Garrett,
 

 “District Attorney.
 

 “J. Norman Coon,
 

 “Of Counsel for Defendant.
 

 “Attest:
 

 In the per curiam to bill No. 1, the trial .■judge gives two reasons for overruling appellant’s motion for a continuance, viz.: “The accused stated that he was represented by J. Norman Coon, * * * and the continuance was vigorously opposed by the District Attorney.”
 

 The agreed statement of facts shows that J. Norman Coon represented the accused for the sole purpose of preparing and filing his motion for a continuance, and that the district attorney did not oppose but actually requested the court to grant a continuance of the case.
 

 The facts presented lead us to the conclusion that the verdict and sentence must be set aside. This is a much stronger ease than State v. Hollingsworth, 134 La. 554, 64 So. 409, in which the court said :
 

 “Where it appears that the leading counsel of a defendant, charged with a misdemeanor that might subject him to fine and imprisonment, is absent, and that it will be impossible for the defendant to be properly represented, because the other counsel in the case are not familiar with the defense, a continuance should have been granted, and, where the trial judge fails to grant a continuance sufficient for the defendant to properly prepare his defense, he will be held to have exceeded his discretion, and the defendant will be entitled to a new trial.”
 

 For the reasons stated, the verdict and sentence are set aside, and the case is remanded to be proceeded with according to law.