241 So.2d 763

STATE of Louisiana

v.

Sherman BRAXTON, Eddie Pope and
Richard Butler.

No. 50353.

Nov. 9, 1970.

Rehearing Denied Dec. 14, 1970.

Joel B. Dickinson, Johnnie A. Jones, C. Alvin Tyler, Baton Rouge, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

HAMITER, Chief Justice.

It is charged in a bill of information that the defendants, Sherman Braxton, Eddie Pope and Richard Butler, "feloniously did, while armed with a dangerous weapon, rob Johnny Montgomery." Following trial by a jury all three were found guilty. Braxton was sentenced to twenty years at hard labor in the state penitentiary, and Butler and Pope were sentenced to serve ten years each there. All are appealing.

The twelve bills of exceptions reserved during the course of the proceedings were perfected and are contained in the record. Here, defense counsel, both orally and in brief, and contrary to the preferred procedure in this court, have argued the case on the basis of four specifications of error rather than on the bills. From these specifications it is evident counsel have abandoned all bills except four, i. e., Nos. 8, 9, 11 and 12.

Bill of exceptions No. 8 (specification of error No. 1) was reserved when the trial judge, on oral motion of defense counsel, refused to order a directed verdict after the state's evidence had been introduced. Not only is there no request in the bill that this evidence be made a part thereof, there is also no per curiam by the trial judge to this or any other bill. In any event there is no merit in this bill.

This court has held in two recent decisions that although Article 778 of the Code of Criminal Procedure provides that the trial judge may direct a verdict of not guilty if satisfied the evidence is insufficient to sustain a conviction, and such a procedure is permitted in many jurisdictions, this cannot be invoked by the accused in Louisiana because our constitution guarantees that "The jury in all criminal cases shall be the judges of the law and the facts on the question of guilt or innocence * * *." Section 9 of Article XIX of the Louisiana Constitution. See State v. Hudson, 253 La. 992, 221 So.2d

484 and State v. Douglas, 256 La. 186, 235 So.2d 563.

Even if the recent decision in United States v. Johnson, 427 F.2d 957 (from the Fifth Circuit), relied on by defense counsel, were not distinguishable on the facts, it would be neither controlling nor persuasive here in view of our constitutional provision.

Bills of exceptions Nos. 9, 11 and 12 (specifications of error Nos. 2, 3 and 4) all deal with alleged reversible errors committed by the state prosecutor during his closing argument to the jury. There is no request in the bills themselves that the argument objected to be made a part thereof. The record does reflect, however, that when the eleventh bill was reserved defense counsel requested that all remarks of state and defense counsel, as well as of the court, be made a part of the bill.

■ The basis of bill of exceptions No. 9 is that the state's reference to "defendants' procurement of defense counsel," in the initial portion of the closing argument, "in addition to being inflammatory" constituted an argument on evidence that had not been placed before the jury. We find no merit in this bill.

The record shows that the state prosecutor, discussing the fact that only a portion of the stolen money had been recovered from two of the defendants (Pope and Butler), pointed out that the jury might find it significant that the original information, on which the charge was based, reflected Pope and Butler were "unable to afford financially the services of attorneys" (who were appointed by the court), while Braxton "hired him a lawyer."

In objecting to this argument on the ground it was prejudicial to his client, Braxton's attorney asked the judge to instruct the jury not to consider it. The trial judge did so, pointing out that in all criminal prosecutions before a jury the law requires the clerk to read the information, and also the extract of the minutes showing the plea, which minutes reflect whether or not the accused was represented by an attorney. He admonished the jury, however, to disregard any part of the argument that is outside the record. The information carried notations to the effect that Pope and Butler were unable to afford an attorney, while Braxton informed the court he was represented by counsel.

■ Bill of exceptions No. 11 (specifications of error No. 3) is equally without merit. It was reserved when, during rebuttal in closing argument, the district attorney was permitted to state: "The presumption is that the person who is in the *unexplained possession* of property recently stolen in a robbery is presumed to be the robber." (Underscoring ours)

Counsel concede in brief that this statement with respect to the legal presumption

is correct. See also R.S. 15:432, State v. White, 247 La. 19, 169 So.2d 894 and State v. Odom, 247 La. 62, 169 So.2d 909. The objection then, as now, is that the statement was inflammatory and outside the realm of evidence since the state had not proved the money found in possession of the defendants Pope and Butler had been stolen.

In overruling this objection the court instructed the jury at length with respect to the legal implications and the permissive bounds of argument, concluding (and correctly so) that the jury was the sole judge as to whether the state had proved not only the money in the possession of defendants was stolen property, but also that it was the money stolen in this particular robbery. This was clearly permissible argument on a matter within the realm of the evidence, and we do not find it inflammatory.

■ The defense contention in bill of exceptions No. 12 (specifications of error No. 4) is that a portion of the district attorney's closing argument constituted a comment by the state "on the failure of the defendants to take the stand." The comment was to the effect that the victim of the robbery "got up there and told you how he came about this thirty-one hundred dollars." In overruling the defense objection the trial court stated that the defense, as well as the state, had a right to give their version of the facts, admonishing "argument in the case is not evidence" but is only to assist the jury in arriving at a correct interpretation or analysis of the evidence in the case, of which they were the sole judges.

■ This ruling is correct. Such argument does not constitute a comment on defendants' failure to testify. State v. Pace et al., 183 La. 838, 165 So. 6, State v. White, supra. Furthermore, in accordance with the provisions of Article 770 of the Code of Criminal Procedure, where comment on the failure of the defendant to testify in his own defense is reprobated, defense counsel has two avenues available for the correction of such prejudicial comment, i. e., he may ask that the judge admonish the jury to disregard the remarks or request that a mistrial be ordered. In making the objection at the time this last bill was reserved counsel did neither.

For the reasons assigned the convictions and sentences are affirmed.