249 So.2d 552

**STATE of Louisiana**

v.

**Sidney ARNOLD.**

**No. 50912.**

June 7, 1971.

Warren Hunt, Rayville, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Robert W. Kostelka, Dist. Atty., Gilbert T. Brown, Jr., Asst. Dist. Atty., for plaintiff-appellee.

HAMLIN, Justice:

Defendant appeals from his conviction of the crime of manslaughter and his sentence to serve ten years in the Louisiana State Penitentiary. Presented for our consideration are two Bills of Exceptions reserved during the course of the proceedings.

Briefly stated, the facts connected with the commission of the instant crime are to the effect that on the night of March 31, 1970, defendant, who had been discharged from the United States Marine Corps on approximately March 6, 1970, and had spent fourteen months of his three years

service in Vietnam, visited several bars and consumed a quantity of beer. At approximately 11:45 P.M., he went to Ruth's Bar where he and Ricky Frost, who was drunk, engaged in conversation; they left the bar and thereafter engaged in a verbal controversy on the outside of the premises; one of defendant's friends encouraged Frost, who was somewhat non-committal, to talk; at the same time, two of Frost's friends urged him to leave with them. George and Charles Zeigler, who had left the bar at closing time, approximately 11:55 P.M. and were observing occurrences, jumped from a parked car into the crowd. George Zeigler wrestled with another party; no ill consequences resulted from the altercation. Charles Zeigler and the defendant engaged in a fight; defendant drew a knife and Charles Zeigler suffered stab wounds from which he died. Defendant suffered stab wounds from which he recovered. On April 23, 1970, defendant was indicted for the murder of Charles Barry Zeigler on April 1, 1970.

### BILL OF EXCEPTIONS NO. 1

At the conclusion of the presentation of the State's evidence, counsel for the defendant filed a motion for a directed verdict, alleging that the evidence was insufficient to sustain a conviction of the crime charged. The trial court denied the motion, and Bill of Exceptions No. 1 was reserved.[1]

### BILL OF EXCEPTIONS NO. 2

At the conclusion of the presentation of the defendant's evidence, counsel for defendant reurged his motion for a directed verdict. The trial court denied the motion, and Bill of Exceptions No. 2 was reserved to its ruling.

Bills of Exceptions Nos. 1 and 2 both relate to Article 778 of the Code of Criminal Procedure and the jurisprudence thereunder, and they will be jointly discussed and determined.

Article 778, LSA–C.Cr.P., provides:

"In a jury trial the court may direct a verdict of not guilty of one or more of the offenses charged, on its own motion or on that of a defendant, after the close of the state's evidence or of all the evidence, if the evidence is *insufficient* to sustain a conviction.

"In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of a de-

---

1. The trial court's Per Curiam to Bill of Exceptions No. 1 recites: "The jury, in all criminal cases, shall be judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge. Article 19, Section 9 of the Constitution; State v. Gatlin, [241 La. 321] 129 So.2d 4; State v. Broussard, [217 La. 90] 42 [46] So.2d 48; State v. Hudson, [253 La. 992] 221 So.2d 484. For this reason, the motion was denied."

fendant, after the close of the state's evidence or of all the evidence, if the evidence is *insufficient* to sustain a conviction.

"If the court denies a defendant's motion for a directed verdict or judgment of acquittal at the close of the state's case, the defendant may offer his evidence in defense." [2] (Emphasis ours.)

Herein, counsel for the defendant argues:

"It is interesting, I think, to note that in all three of the above decided cases [State v. Hudson, 253 La. 992, 221 So.2d 484; State v. Douglas, 256 La. 186, 235 So.2d 563; State v. Braxton, 257 La.

183, 241 So.2d 763] the Court has failed to use the expression 'no evidence,' but insists on the language 'sufficient evidence' or 'insufficiency of evidence' which indicates in my mind the meeting of or failure to meet a certain standard or to equal or not equal a certain degree of requirement. I do not feel that it means 'no evidence' or either the evidence is totally lacking in proof of a material ingredient to constitute the crime charged.

"The Supreme Court in earlier times has consistently held that where a record contains 'no evidence' of a material ingredient to constitute the crime that this is a legal question not reprobated by the

---

2. The Official Revision Comment under Art. 778 states, in part: "(a) Most states provide for directed verdicts. * * * Fed.Rule 29 and Sec. 321 of the A.L.I. Code recognize the motion to acquit. In Louisiana, the liberal rule of former R.S. 15:509(1), that a new trial ought to be granted whenever the verdict is contrary to the law and the evidence, met the problem to some extent, but a new trial lacks the finality of an acquittal. There seems to be no constitutional problem involved in allowing a district court to direct a verdict. However, appellate review of the judge's ruling granting or refusing to grant a directed verdict, may become involved with the prohibition of Const. Art. VII § 10 against review of the facts by the supreme court in criminal cases. Nevertheless, it could be argued that the appellate review of the lower court's ruling involves a matter of law and not fact. The supreme court has frequently held that it may grant a new trial if there is *no* evidence since the determination of this issue is a matter of law and

not a weighing of the facts. * * * "

The source of Art. 778 is LSA–R.S. 15:402.1, which recited: "In any criminal prosecution or proceeding in any court, triable by the court alone, the court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information or affidavit after the evidence on either side is closed, if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for a directed verdict at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right. The judgment of the court in refusing to grant such motion by the defendant shall not be subject to review by any appellate court." See, State v. Melerine, 236 La. 881, 109 So.2d 454; State v. Domino, 234 La. 950, 102 So. 2d 227; State v. Crovetto, 229 La. 793, 86 So.2d 907; State v. Gatlin, 241 La. 321, 129 So.2d 4.

constitutional provision. And indeed it has acted on a number of cases where it found 'no evidence' by either dismissing the prosecution or returning the case for a new trial. I cannot rationalize under these circumstances why the Court should return such a case for a new trial.

"In brief, it appears to me that if 'no evidence' means the same thing as 'insufficiency of evidence' then there is no merit to my contention.

"On the other hand if Article 778 of the 'Louisiana Code of Criminal Procedure' is repugnant to the constitution, or in other words unconstitutional, in that the word 'insufficient' means the same thing as 'no evidence' then the Court on its own motion could simply say so.

"The way the matter stands now, the Courts of original jurisdiction can and do abide by Article 778, but the Supreme Court feels it cannot.

"When the Constitution speaks of 'guilt or innocence' it must mean in accordance with 'due process' which is elsewhere required by the same Constitution as well as by the Federal Constitution."

In State v. Hudson, 253 La. 992, 221 So. 2d 484 (1969), this Court held that in cases tried to a jury Art. 778, LSA–C.Cr.P., in-

sofar as it provided for a directed verdict, was repugnant to the constitutional provision that, "The jury in all criminal cases shall be the judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge." Art. XIX, Sec. 9, La.Const. of 1921. We explained our holding by stating, 221 So. 2d, at p. 499: "This article purports to permit the judge of the trial court in a jury trial involving a crime punishable by death to determine the sufficiency of the evidence to sustain a verdict of guilty. If, in the judge's opinion, the facts are insufficient he may direct a verdict of acquittal. What Article 778 does, therefore, is to invest in the trial judge the power to determine whether there are enough facts to sustain a guilty verdict. If he is not satisfied that the facts sustain a guilty verdict, he may direct a verdict of not guilty. In effect, the judge becomes a trier of fact on questions of guilt or innocence." See, State v. Braxton, 257 La. 183, 241 So.2d 763; State v. Douglas, 256 La. 186, 235 So.2d 563; State v. Square, 257 La. 743, 244 So.2d 200; State v. O'Brien, 255 La. 704, 232 So.2d 484.

Louisiana employs the jury system,[3] and our Constitution has vested the jury with a certain prerogative—the determination of

---

3. "Of course jury trial has 'its weaknesses and the potential for misuse,' Singer v. United States, 380 U.S. 24, 35, 85 S.Ct. 783, 790, 13 L.Ed.2d 630 (1965). We are aware of the long debate, especially in this century, among those who write about the administration of justice, as to the wisdom of permitting untrained

the guilt or innocence of the defendant when there is some evidence of the essential elements of the crime charged—which can only be taken away from it by constitutional amendment or repeal. The determination of the guilt or innocence of the accused from evidence presented during trial—although scant or allegedly insufficient [4]—is not a matter for this Court's review. Art. VII, Sec. 10, La.Const. of 1921. Our review in criminal cases extends to questions of law only, Art. VII, Sec. 10, La.Const. of 1921; "Although we have often held that a question of law is presented by a contention that there is no evidence to support an essential element of the crime, the sufficiency of the evidence may not be questioned, and if there is any evidence, no matter how little, the conviction cannot be upset for to do so

would require a decision on a question of fact and not of law. * * *" State v. Hudson, 253 La. 992, 221 So.2d 484, 499.

■ We conclude that the trial judge acted correctly in denying defendant's motions for a directed verdict. He was prohibited by constitutional mandate from usurping the prerogative of the jury. We adhere to our ruling in Hudson, supra, with respect to Art. 778, LSA–C.Cr.P. In subsequent jurisprudence, a majority of this Court has repeatedly affirmed Hudson; [5] it remains authority until changed by Legislative fiat. In answer to the contention posed by counsel for the defendant, we find that the term "insufficient evidence" presents a question of fact; the term "no evidence" presents a question of law.

laymen to determine the facts in civil and criminal proceedings. Although the debate has been intense, with powerful voices on either side, most of the controversy has centered on the jury in civil cases. Indeed, some of the severest critics of civil juries acknowledge that the arguments for criminal juries are much stronger. In addition, at the heart of the dispute have been express or implicit assertions that juries are incapable of adequately understanding evidence or determining issues of fact, and that they are unpredictable, quixotic, and little better than a roll of dice. Yet, the most recent and exhaustive study of the jury in criminal cases concluded that juries do understand the evidence and come to sound conclusions in most of the cases presented to them and that when juries differ with the result at which the judge would have arrived, it is usually because they are serving some of

the very purposes for which they were created and for which they are now employed." Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 1451, 1452, 20 L.Ed.2d 491 (1968).

4. This is a matter which addresses itself to the Pardon Board—the conscience of the State.

5. The majority of the present complement of this Court adheres to the Hudson ruling; a minority would reverse Hudson and the pertinent jurisprudence which followed. The writer believes that since Art. 778, LSA–C.Cr.P., has been declared unconstitutional in part, legislative reenactment would be required to reinstate its entire provisions; constitutional amendment or repeal with respect to the jury system would also be demanded. See, State of Louisiana v. Williams, La., 248 So.2d 295, decision handed down May 4, 1971.

Sentence was imposed in the instant case on July 7, 1970. A Motion in Arrest of Judgment and a Motion for a New Trial [6] were filed by defense counsel on August 27, 1970. The motions were untimely filed and were not considered by the trial court. Arts. 853 and 861, LSA–C.Cr. P. Cf. Art. 916, LSA–C.Cr.P.

As stated supra, we find no error in the trial judge's rulings; under the circumstances of defendant's trial, there was no violation of constitutional rights.

Bills of Exceptions Nos. 1 and 2 are without merit.

For the reasons assigned, the conviction and sentence are affirmed.

---

6. The Motion for a New Trial avers in Art. 4, "That the record in this case is barren of any evidence whatever of a specific intent to kill or to inflict great bodily harm on the deceased and that there is no evidence in the record what-ever that the defendant actively desired the prescribed criminal consequences of any action taken by him." We have read the testimony of record and find that it contains some evidence of the crime charged.