DIXON, Justice.
 

 The defendant, a justice of the peace, indicted for forgery, appeals his conviction by a jury for attempted forgery.
 

 Bills of Exceptions Nos. 1, 3 and 10 were briefed together. The formal bill numbered “No. 1 and No. 10,” complained of rulings of the trial court in overruling “various motions to continue and/or recess.” Bill of Exceptions No. 3 was taken to the denial of a recess after the prosecution was allowed to amend the bill of indictment.
 

 The bill of indictment charged the defendant was falsely signing the name of H. A. Varn, a constable, to the return of a notice of attachment. The amendment merely added the words “and did issue same knowing it to be a forgery.” There was no element of surprise in the amendment. The prosecutor announced for the record that he had informed defense counsel of his intention to amend the bill a week before. The defendant has shown no prejudice by the amendment. Article 489 Code of Criminal Procedure. There is no merit to Bill of Exceptions No. 3.
 

 Bills of Exceptions Nos. 1 and 10 allege that the defendant had retained the law firm of Módica and Russell to represent him; that Russell was the only attorney prepared to represent the defendant properly and try his case; that Russell was involved in an administrative hearing in an
 
 *12
 
 other matter, in which his presence was essential; that Módica was present and handled the trial, although “not familiar with the case;” and the accused was thus deprived of competent counsel.
 

 On October 10, 1969 there was an order signed allowing prior counsel to withdraw from the representation of this defendant.. On October 17 there was a motion and order signed allowing “the law firm of Módica and Russell be enrolled as counsel of record.” On the same day a continuance was granted; the case was upset for October 27 and fixed for trial on January 5, 1970. On another day (the record before us is confused) a motion for continuance was granted on account of the illness of Russell’s father. On January 3, 1970 the case was continued from January 5 until January 15. That motion alleged that Russell had prepared the case for trial and that other associates and members of his firm were not prepared to defend the accused at that time. The motion for continuance was signed by Módica.
 

 Again on January 15 a motion for continuance was filed by Módica, alleging that Russell was engaged in an administrative hearing and “is not available to try” the case. Módica alleged that he was unprepared and was unfamiliar with the case. The .motion was argued and denied by Judge Covington, after which the case was called' for -trial by Judge Ponder. After preliminary matters, Módica moved that Judge Ponder recess the trial until Monday morning. The motion was denied, the trial judge noting that another judge had heard the argument on the motion and had refused a continuance.
 

 The record does not support the argument that defendant was denied competent counsel by the refusal of the continuance or the recess. Numerous objections were made by defense counsel, argued, and bills of exceptions reserved during the trial. The date for trial was the date selected by defense counsel. The judge on the trial of the motion for continuance pointed out that the law firm of Módica and Russell (and not Russell alone) had been enrolled as counsel for the accused. The granting of a motion for continuance is a discretionary matter. Code of Criminal Procedure Article 712. There has been no showing that there was an abuse of discretion in the trial court. The cases cited by the defense to support his argument on these bills of exceptions are not applicable. In State v. Hollingsworth, 134 La. 554, 64 So. 409, the defendant’s lawyer was stricken with illness one-half hour before his case was called for trial. State v. Lewis, 171 La. 352, 131 So. 44, is inapplicable; the defense lawyer was hospitalized before trial, but the judge refused a continuance, even though the district attorney joined in the defense’s request (which now consti
 
 *14
 
 tutes a peremptory ground for continuances) .
 

 There is no merit to Bills of Exceptions Nos. 1 and 10.
 

 Bill of Exceptions No. 2 was taken to the ruling of the trial judge in allowing the amendment referred to above. The defendant had been charged in an indictment with forgery by signing another’s name to a notice of attachment. On the day of the trial the State was allowed to amend the bill by adding “and did issue same knowing it to be a forgery.” The only objection articulated by the defendant was that he was surprised by the amendment. Defendant did not describe the manner in which the amendment was prejudicial, and we do not understand that he was in any way prejudiced by the amendment. The Code of Criminal Procedure, Article 487, freely allows an amendment in a matter of form. If the defect sought to be amended is a matter of substance, the trial court may order the indictment amended before the trial begins. If the amendment prejudices the defense, on the merits, Code of Criminal Procedure Article 489 requires a continuance. No prejudice having been demonstrated, the ruling of the trial judge was correct. There is no merit to Bill of Exceptions No. 2.
 

 Bills of Exceptions Nos. 5 and 6 were taken when the trial judge overruled objections to the introdttction of evidence of acts of the defendant other than the one for which he was on trial. Bill of Exceptions No. 5 referred to references in the assistant district attorney’s opening statement. The opening statement was not objectionable because it referred to other offenses which tended to prove knowledge and intent on the part of this justice of the' peace. The district attorney stated that on numerous specific dates in certain suits in the justice of the peace court presided over by the defendant, the defendant illegally attempted to utilize the signature of the constable, whose signature he was accused of forging in the instant case. See R.S. 15 :445. There is no error in Bill of Exceptions No. 5. Similarly, there was no error in Bill of Exceptions No. 6 taken as the result of allowing testimony concerning
 
 s¡
 
 suit and concerning the claim .against the defendant arising out of a garnishment proceeding from the defendant’s court..
 

 Bill of Exceptions No. 19'was taken to the overruling of the defense’s objection that evidence offered was irrelevant and immaterial. The ruling of the trial judge was correct. The evidence offered concerned a completed transaction — a garnishment. — from the defendant’s court which involved a document bearing the signature of H. A. Varn, and was relevant to show knowledge, intent and plan. R.S. 15:445.
 
 *16
 
 The same is true of Bill of Exceptions No. 22 and Bill of Exceptions No. 23.
 

 Bill of Exceptions No. 24 was taken to the overruling of an objection to testimony from a constable in a different ward from that of defendant about practices in garnishment proceedings in justices of the peace courts. The defendant was in no way prejudiced by such testimony, and there is no merit to the bill.
 

 There is no merit to Bills of Exceptions Nos. 9, 16, 17 and 18 taken to the overruling of an objection to introduction of documents claimed to have been illegally seized because the subpoena duces tecum “was not authorized by a proper official,” and because some of the documents were not called for by the subpoena duces tecum. The record indicates the subpoena was issued by the clerk of court, which is permitted by C.Cr.P. art. 731. The exhibits and the subpoena are not in the record before us, and we cannot say the trial judge erred in his rulings.
 

 Bills of Exceptions Nos. 7 and 15 were reserved when the court allowed non-expert witnesses to testify concerning comparisons of signatures on documents which were not before the court. Bill of Exceptions No. 7 was taken when a witness was examined concerning a signature on a- registered receipt and signatures on checks which were not before the court. The witness said the signatures appeared to be in the same handwriting. R.S. 15:460 and 460.1 do not require that the comparison of disputed writings be made by “experts” in all cases. Nevertheless, the writings, if they were important to the State’s case, should have been submitted to the court and the jury. The jury is charged with the duty of determining the facts. On cross-examination the witness freely admitted that he was not an expert witness, and that someone other than the defendant might have made the particular signatures about which the witness was testifying. This witness’ testimony merely concerned an overpayment of a garnishment and a claim for a refund from the defendant. The testimony concerning the signatures did not pertain to the guilt or innocence of the accused, and added nothing to strengthen the case of the prosecution. An examination of the record does not disclose that this evidence resulted in a miscarriage of justice, or was a substantial violation of the rights of the accused. C. Cr.P. art. 921. There is no merit to Bill of Exceptions No. 7.
 

 Bill of Exceptions No. 15 was also based on an objection that the witness was not an expert, and could not give opinion evidence. As we read the record, the defense misunderstood the questioning of the witness, a Mrs. McGehee. She was merely
 
 *18
 
 asked to compare a receipt with an account, and to “see if the name is the same and the amount is the same.” There was no error in the ruling of the trial judge, and no merit to the bill.
 

 Bills of Exceptions Nos. 8 and 21 were taken to rulings when witnesses were allowed to identify letters they did not write. One was a letter from a lawyer’s file. The other was a letter written for a witness by his wife. Neither document is in the record before us. Both made demands of the defendant, and the record does not disclose that they were introduced for any purpose other than to show that certain demands were made. There is no merit to the bills.
 

 There is no merit to Bill of Exceptions No. 11. The defense was stopped on its cross-examination when a witness was asked about a statement made to another person about a collateral matter. The trial judge was correct in ruling the question irrelevant. R.S. 15 :494.
 

 Nor is there merit to Bill of Exceptions No. 12. The defense asked a prosecution witness: “Mr. Varn, isn’t it true that you have gotten Mr. Haney to cover with you with your wife when you go out?” Proof of bad character by such questions is not permitted. See R.S. 15:490 and 491.
 

 There is no Bill of Exceptions No. 13 in the record.
 

 Bill of Exceptions No. 14 resulted from allowing a witness to refresh his memory by the use of papers and writings. Those papers and writing are not in the record before us. We cannot determine whether the writings constituted “past recollection recorded,” or whether they revived the present recollection of the witness. See R.S. 15:279. The testimony does indicate that the witness testified from a record he kept himself. There is no merit to Bill of Exceptions No. 14.
 

 Bill of Exceptions No. 25 was taken to the court’s denial of a motion for a directed verdict. This court has repeatedly held C.Cr.P. art. 778 unconstitutional. State v. Hudson, 253 La. 992, 221 So.2d 484; State v. Graves, 259 La. 526, 250 So.2d 727, and authorities cited therein.
 

 Under Bill of Exceptions No. 26 the defense argues that the court should have granted a mistrial when the assistant district attorney, in closing argument, said: “We had three people who had access. You’ve heard from two of them who told you, no, sir, I didn’t sign that. Varn says that’s not my signature and I authorized no one to sign it. Did they refute that? Did anybody get up here and say that Varn had authorized him, no.”
 

 
 *20
 
 C.Cr:P. art. 770 provides in part:
 

 "Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
 

 ******
 

 “(3) The failure of the defendant to testify in his own defense; . . .”
 

 • The argument complained of was not an indirect reference to the failure of the defendant to testify. See State v. Shilow, 252 La. 1105, 215 So.2d 828. It was legitimate argument on the lack of any evidence. C.Cr.P. art. 774 provides :
 

 "The argument shall be confined to evidence admitted,
 
 to the lack of evidence,
 
 to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.” (Emphasis added).
 

 There is no merit to Bill of Exceptions No. 26.
 

 The remaining Bills of Exceptions (Nos. 4 and 20) were neither briefed nor argued and are therefore deemed abandoned.
 

 For these reasons, the conviction and sentence are affirmed.
 

 BARHAM, J., concurs.