PER CURIAM.
Defendant, Franklin D. Jones, appeals from his conviction of murder without capital punishment, La.R.S. 14:30 and sentence to life imprisonment in the State Penitentiary. During his trial, defendant reserved and perfected six bills of exceptions.
The defendant who had been separated from his wife, stopped by the Shinette residence, that of his in-laws, presumably to pick up his children who had been living with their grandparents since the defendant’s wife had been committed to the State Hospital at Pineville. There he confronted Mr. and Mrs. Norah Shinette who refused to give up the children. Mr. Norah Shinette, whom the defendant is accused of having killed, was heard to have told the defendant to get a lawyer and come back another day. At this point, the defendant proceeded to his car, opened the trunk and took out a pistol, and, against the advice of a friend, started back to the Shinette house with the pistol. The defendant’s friend became alarmed and drove off, testifying however, that he heard a shot.
Bill of Exceptions No. 1 was taken when the trial court sustained the objection of the State which prohibited questioning Mrs. Norah Shinette, wife of the deceased, on cross-examination, as to whether or not she and her husband were receiving welfare benefits for the support of the defendant’s children. Defense counsel argues the purpose of this question was to show the state of mind of the decedent, and his reluctance to surrendering the children, thus, corroborating the defendant’s plea of self-defense.
The trial court’s per curiam characterized these questions irrelevant and immaterial saying he could see no connection between the receipt of welfare benefits by the victim and his wife and the trial of the defendant for his charge of murder.
*914 We are in accord with the trial court’s ruling to Bill of Exceptions No. 1, in stopping the defense in its cross-examination on this irrelevant matter. La.R.S. 15:494; see also State v. Burch, 261 La. 3, 258 So.2d 851 (1972). Bill No. 1 is without merit.
By Bill of Exceptions No. 6, the defendant contends the trial court erred in refusing to allow defense counsel to pose questions to employees of the Louisiana State Department of Public Welfare pertaining to the purpose of an alleged visit to the Department offices by the defendant. As in Bill No. 1, defense alleges this information was important in support of the defendant’s plea of self-defense.
We are, however, in accord with the trial judge’s per curiam wherein he explained the sustained prosecutor’s objection on the grounds that the questions were irrelevant and immaterial. This bill is without merit.
No assignment of error is raised by brief on appeal as to the trial court’s rulings on Bills of Exceptions Nos. 2, 3, 4 and 5 which were reserved by the defendant when the State introduced various photographs, charts and pieces of a gun and cartridges found at the home of the deceased; nor do we find any error in such rulings.
For these reasons, the conviction and sentence are affirmed.
DIXON, J., dissents.