PER CURIAM.
Defendant, Hillary Pope, was tried by a jury and convicted of the crime of attempted simple escape from the Louisiana State Penitentiary and sentenced to serve five years. R.S. 14:110.2. On this appeal, he relies on one bill of exceptions to obtain a reversal of his conviction and sentence.
Defense counsel has failed to attach any evidence to his single bill taken to the trial court’s denial of his Motion for a Directed Verdict, as authorized by La.C.Cr.P. Art. 778. Acknowledging this Court’s holding in State v. Hudson, 253 La. 992, 221 So.2d 484 (1969) wherein Article 778 of the La. C.Cr.P. was declared unconstitutional in jury trials, defense counsel argues in his brief that that holding was limited to capital cases only. This is not so.
We at no time distinguished the nature of the case in which this holding applies. See, e. g.: State v. O’Brien, 255 La. 704, 232 So.2d 484 (1970) (unlawful possession of narcotics); State v. Douglas, 256 La. 186, 235 So.2d 563 (1970) (armed robbery); State v. Braxton, 257 La. 183, 241 So.2d 763 (1970) (armed robbery); State v. Square, 257 La. 743, 244 So.2d 200 (1971) (murder); State v. Holmes, 258 La. 221, 245 So.2d 707 (1971) (murder); State v. Williams, 258 La. 801, 248 So.2d 295 (1971) (manslaughter); State v. Arnold, 259 La. 139, 249 So.2d 552 (1971) (manslaughter); State v. Graves, 259 La. 526, 250 So.2d 727 (1971) (murder); State v. Dimopoullas, 260 La. 874, 257 So.2d 644 (1972) (lewd and lascivious act); State v. Burch, 261 La. 3, 258 So.2d 851 (1972) (possession of narcotics); State v. Hall, 261 La. 777, 260 So.2d 913 (1972) (armed robbery); State v. Higginbotham, 261 La. 983, 261 So.2d 638 (1972) (simple burglary).
The trial judge properly denied the motion. This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.