KLIEBERT, Judge.
On June 15, 1988, Caroline T. Williams and Brian Ledet were charged by bill of information with a violation of LSA-R.S. 14:106.1, “in that they did knowingly and intentionally promote obscene devices.” On September 11, 1989, Russland Enterprises, Inc. was added as a defendant and the other two personal defendants were dismissed.
Through counsel, defendant Russland Enterprises, Inc. entered a guilty plea on September 11, 1989. Following a Boykin colloquy, immediate sentencing was requested. In response, Judge Cannella, on September 11th, imposed a fine of $1,500.00 and suspended the execution of the sentence until September 27th, 1989.
On September 26th, the defendant filed a motion in arrest of judgment challenging the constitutionality of LSA-R.S. 14:106.1, which motion was orally argued on October 4th and denied summarily. Immediately thereafter, the defendant filed this appeal. We affirm the trial court’s decision.
Defendant filed his motion in arrest of judgment on September 26th, fifteen (15) days after imposition of the sentence and one day before its execution date. A motion in arrest of judgment, authorized by LA-C.Cr.P. Article 859,[1] must be filed and decided prior to the imposition of sentence as directed by LA-C.Cr.P. Article 861, which states as follows:[2]
“A motion in arrest of judgment must be filed and disposed of before sentence. The court, on motion of the defendant and for cause shown, may postpone the imposition of sentence for a specific period in order to give the defense additional time to prepare and file a motion in arrest of judgment.” (Emphasis supplied).
Further, in State v. Arnold, 259 La. 139, 249 So.2d 552, 556 (1971) the Louisiana Supreme Court held that a motion in arrest of judgment filed after the imposition of sentence was not timely and should not be considered by the trial court. Thus, under LA-C.Cr.P. Article 861 and State v. Arnold, supra, the defendant’s motion was untimely filed and, therefore, properly denied by the district court.[3]
The defendant asserts that he was not allowed to tender his plea with a Crosby reservation. State v. Crosby, 338 So.2d 584 (La.1976). However, the record is void *34 of any requests by the defendant to enter his plea with a Crosby reservation to preserve his right to appeal. Additionally, once a guilty plea is entered, nonjurisdic-tional challenges to the conviction’s constitutionality are waived. Rogers v. Maggio, 714 F.2d 35, 38 (Fed. 5th Cir.1983). Thus, the appellant is precluded from challenging the constitutionality of LSA-R.S. 14:106.1 subsequent to his guilty plea.
For the foregoing reasons, we affirm the trial court’s decision.
AFFIRMED.

. LA-C.Cr.P. Article 859 states in part as follows:
The court shall arrest the judgment only on one or more of the following grounds:
******
(2) The offense charged is not punishable under a valid statute.
******

. In the official revision comment to LA-C.Cr.P. Article 859 referencing ground (2), that the offense charged is not punishable under a valid statute, it states that the ground (2) "is a ground that may be urged at any stage of the proceedings ... When this basic defect is urged between conviction and sentence, the proper motion is the motion in arrest of judgment.” (Emphasis supplied).

. LA-C.Cr.P. Article 914 sets the delay for appeal at five days "after the rendition of or ruling from which the appeal is taken." Pursuant to C.Cr.P. Article 912C "a defendant may appeal ... a judgment which imposes sentence.” The judgment which imposed sentence was rendered September 11th. Although the execution of the sentence was suspended, it is the day of imposition which determines the appeal delay. Compare C.Cr.P. Article 893A. Accordingly, the appeal is untimely as it relates to the plea and sentence of September 11th.